UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SARAH SUMNER and WILF SUMNER.,

                Plaintiffs,                21 cv 6711 (PKC)

    -against-

                                                      ORDER

MARRIOTT INTERNATIONAL, INC., and
TISHMAN HOTEL & REALTY, LP,

                Defendants.
-----------------------------------------------------------x
CASTEL, U.S.D.J.:

        Plaintiffs Sarah Sumner and Wilf Sumner bring this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. §§ 1332.  They allege that they are citizens of the United Kingdom.  (Compl't ¶¶ 1, 4).)  Defendant Marriott International, Inc. ("Marriott") is alleged to be a Maryland citizen and defendant Tishman Hotel & Realty, LP ("Tishman"), is alleged to be a New York citizen.  (Compl't ¶ 4.)

        Federal courts are courts of limited jurisdiction.  See, e.g., Gunn v. Minton, 568 U.S. 251, 256 (2013).  "An argument that subject-matter jurisdiction is lacking may be raised at any time, by any party, or even sua sponte by the court."  Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 140 (2d Cir. 1999).

        A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited partnership and the place of incorporation and principal place of business of any corporate entities that are members of the limited partnership. See, e.g., Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 52 (2d Cir. 2000) ("[F]or purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners.") (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)).  A corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and . . . where it has its principal place of business . . . ."  28 U.S.C. §

1332; see also Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 51 (2d Cir. 2012) ("Every corporation is now treated for diversity purposes as a citizen of both its state of incorporation and its principal place of business, regardless of whether such place is foreign or domestic."). Moreover, "diversity is lacking within the meaning of [28 U.S.C. § 1332] where . . . on one side there are citizens and aliens and on the opposite side there are only aliens." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002); see also Tagger v. Strauss Grp. Ltd., 951 F.3d 124, 127 (2d Cir. 2020) ("federal courts do not have diversity jurisdiction over lawsuits between two foreign parties . . . .").

The Complaint alleges that defendant Marriott maintains its principal place of business in Maryland and "is a citizen of Maryland". (Compl't ¶¶ 2, 4.) Marriott's state of incorporation is not alleged. Tishman, which is a limited partnership, is alleged to be a "citizen of the State of New York" and is separately alleged to be "headquartered" in New York. (Compl't ¶¶ 4, 3.) No allegation is made as to the citizenship of its members.

Within 21 days of this Order, plaintiffs may serve upon Tishman an interrogatory limited to identifying the citizenship of all natural persons who are its members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and its principal place of business. Tishman shall have 14 days to respond to the interrogatories.

Within 45 days of this Order, plaintiffs shall amend their complaint to adequately allege the citizenship of Marriott, as well as the citizenship of each member of Tishman, or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

*[signature]*

P. Kevin Castel
United States District Judge

Dated:   New York, New York
August 11, 2021